UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ELENA FLORES and ANTONIA FLORES as Guardian Ad Litem for McKENZIE FLORES POWELL, a minor,<br><br>Plaintiffs,<br><br>v.<br><br>AMLYN PHARMACEUTICALS, INC; ELI LILLY AND COMPANY,<br><br>Defendants. | Civil No. 08cv1652 L(CAB)<br><br>**ORDER DENYING WITHOUT PREJUDICE JOINT MOTION FOR LEAVE TO FILE UNDER SEAL THE UNOPPOSED APPLICATION FOR APPROVAL OF MINOR SETTLEMENT [doc. #47]** |

The parties jointly move for leave to file under seal their unopposed application for approval of minor settlement. Attached to their unopposed application are the declaration of G. Kevin Buchanan, declaration of Antonia Flores, and a proposed order and judgment apportioning settlement proceeds. As justification for the filing of these documents under seal, the parties state: "As an integral part of the settlement, the parties agreed to keep the settlement confidential, including but not limited to the settlement amount, to protect the interests of all parties." (Joint Motion at2.)

The request to seal the full application for approval of minor settlement implicates the "general right to inspect and copy public records and documents, including judicial records and documents," *Nixon v. Warner Commc'ns, Inc.*, 435 U.S. 589, 597 & n. 7 (1978), and the lack of opposition does not automatically resolve it. *See Foltz v. State Farm Mut. Auto Ins. Co.*, 331

F.3d 1128, 1130 & *passim* (9th Cir. 2003) (stipulated order without more insufficient basis to seal court records).  Based on the "strong presumption of access to judicial records," the party or parties requesting to seal a judicial record pertaining to dispositive motions and trials bears the burden of overcoming the presumption by meeting the "compelling reasons" standard. *Kamakana v. City and County of Honolulu*, 447 F.3d 1172, 1179 (9th Cir. 2006); *Pintos v. Pac. Creditors Ass'n*, 565 F.3d 1106, 1115 (9th Cir. 2009) (sealing a judicial record requires the requesting party to show compelling reasons which outweigh the general history of access and the public policies favoring disclosure).

Here, the parties fail to identify a compelling reason upon which the above-referenced documents may be filed under seal.  The have not attempted to make a showing of specific prejudice or harm, and have not articulated their reasoning to support their request for sealing.  For example, the parties have not shown that, if such documents were disclosed to the public, a likelihood exists that they will be used improperly.  *See e.g., Valley Broadcasting Co. v. U.S. District Court*, 789 F.2d 1289 (9th Cir. 1996) (recognizing "strong presumption in support of the common law right to inspect and copy judicial records"; noting considerations "[c]ounseling against such access would be the likelihood of an improper use, including publication of scandalous, libelous, pornographic, or trade secret materials; infringement of fair trial rights of the defendants or third persons; and residual privacy rights") (internal quotation and citation omitted).  The United States Supreme Court has noted that "the right to inspect and copy judicial records is not absolute," and certain documents may properly be excluded from public access. *Nixon v. Warner Communications* 435 U.S. 589, 598 (1978) (the court may insure its records are not "used to gratify private spite or promote public scandal," and do not "serve as reservoirs of libelous statements" or "as sources of business information that might harm a litigant's competitive standing") (internal quotation and citation omitted).

Further, the parties have not demonstrated that the entirety of each of the above-referenced documents is confidential.  A party may not designate an entire document as confidential when only portions of the document contain confidential information.  Should the parties again request the sealing of any document(s), they must designate specific portions based

on the appropriate showing.

For the foregoing reasons, the parties' joint motion for leave to file under seal their unopposed application for approval of minor settlement is **DENIED without prejudice.**

**IT IS SO ORDERED.**

DATED: July 15, 2010

                                        M. James Lorenz
                                        United States District Court Judge

COPY TO:

HON. CATHY ANN BENCIVENGO
UNITED STATES MAGISTRATE JUDGE

ALL PARTIES/COUNSEL