UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ELENA FLORES and ANTONIA FLORES as Guardian Ad Litem for McKENZIE FLORES POWELL, a minor,<br><br>　　　　　　Plaintiffs,<br><br>v.<br><br>AMLYN PHARMACEUTICALS, INC; ELI LILLY AND COMPANY,<br><br>　　　　　　Defendants. | Civil No. 08cv1652 L(CAB)<br><br>**ORDER GRANTING UNOPPOSED APPLICATION FOR APPROVAL OF MINOR SETTLEMENT** [doc. #52] **and DIRECTING THE CLOSING OF THIS CASE** |

　　　　Plaintiff Antonia Flores, as guardian *ad litem* for the minor child plaintiff, seeks approval of the settlement in this case as is required under California Code of Civil Procedure § 372; and Probate Code §§ 2504, 3500, 3600. The application for approval of minor settlement is unopposed.

　　　　A petition for approval of a minor's compromise must be verified and must fully disclose "all information that has any bearing upon the reasonableness of the compromise." CAL. RULE OF COURT 7.950(5). The court in which a minor's claims are being litigated has duty to protect the minor's interests. *See Salmeron v. United States*, 724 F.2d 1357, 1363 (9th Cir. 1983). Thus, a court must independently investigate and evaluate any compromise or settlement of a minor's claims to assure itself that the minor's interests are protected, even if the settlement has been recommended or negotiated by the minor's parent or guardian *ad litem*. *Id.*

08cv1652

In considering the fairness of a settlement of a minor's claim, federal courts generally are guided by state law.  *See* SCHWARZER, TASHIMA & WAGSTAFFE, CALIFORNIA PRACTICE GUIDE, FEDERAL PROCEDURE BEFORE TRIAL ¶ 15.138 at 15-48 (TRG 2008).  California law "bestows broad power on the court to authorize payment from the settlement – to say who and what will be paid from the minor's money. . . ."  *Goldberg v. Superior Court*, 23 Cal. App.4th 1378, 1382 (1994).  Also under California law, a court must approve the amount paid out of the settlement for attorney's fees and costs for claims brought by minors.  CAL. CODE CIV. P. § 372 (providing that the guardian *ad litem* "shall have the power, with the approval of the Court in which the action or proceeding is pending, to compromise [the action]"); CAL. PROB. CODE § 3601(a) (requiring the court to make an "order authorizing and directing that such reasonable expenses, ... costs, and attorney fees, as the court shall approve and allow therein").

In support of the application for approval of minor settlement, plaintiffs have provided a case description and history along with information concerning initial written discovery and the mediation of the case with the Hon. Daniel Pratt (Ret.).  The parties entered an agreement that divided the total settlement amount between plaintiff Elena Flores and her minor child. Medicare and Medicaid have asserted liens against the settlement proceeds although neither expended sums on medical care for the minor child.  After significant negotiations, Medicare and Medicaid substantially reduced the liens.  The remaining liens apply to Elena Flores's settlement proceeds and not to the minor child's share of the settlement.

Having reviewed the record in this case the Court finds that the settlement of the minor child's claims to be fair, adequate and reasonable.

Defendant do not admit to any wrongdoing in this products liability case but have agreed, through arm's-length negotiation, to a monetary settlement for the minor child.  The minor child has not suffered any physical injuries as a result of the claims in this action, she is healthy, and has no specialized medical needs.

Plaintiffs' counsel requests attorneys' fees and costs to be paid out of the settlement proceeds.  "The reasonableness of attorney fees is within the discretion of the trial court, to be determined from a consideration of such factors as the nature of the litigation, the complexity of

the issues, the experience and expertise of counsel and the amount of time involved. [Citation.]" *Wilkerson v. Sullivan*, 99 Cal. App.4th 443, 448 (2002). The Court must have "substantial evidence" to support the fee award. *Macias v. Hartwell*, 55 Cal. App.4th 669, 676(1997) (citing *Church of Scientology of California v. Wollersheim*, 42 Cal. App.4th 628, 658-59 (1996). *Church of Scientology*, 42 Cal. App.4th at 658-59). The party petitioning for attorneys' fees necessarily bears the burden of persuasion on the elements of that claim. *See In re Wash. Pub. Power Supply Sys. Sec. Litig.*, 19 F. 3d 1291, 1305-06 (9th Cir. 1994).

A reasonable fee is determined by reference to "the 'lodestar' figure, which is the number of hours reasonably expended multiplied by a reasonable hourly rate." *Gates v. Deukmejian*, 987 F.2d 1392, 1397 (9th Cir. 1992). A reasonable hourly rate "is that prevailing in the community for similar work." *PLCM Group v. Drexler,* 22 Cal.4th 1084, 1095 (2000).

The written contingency fee agreement with Antonia Flores, the minor child's guardian *ad litem*, provides for attorneys' fees of 40%; however, counsel agreed to reduce its fees to 33 1/3%. Additionally, counsel has significantly further reduced the requested attorneys' fees to an amount that is less that 14% of the lodestar amount as determined by the Southern California and Dallas, Texas legal market. The settlement seeks to apportion the costs associated with this action equally between Elena Flores and the minor child. The costs include fees associated with filing and serving the complaint, expert fees, mediator fees and costs to obtain relevant medical records.

Having reviewed the request for attorneys' fees and costs to be paid out of the minor plaintiff's settlement proceeds, the Court finds that amount sought is fair and reasonable.

The Court has considered the proposed settlement agreement, the accounting statements and the structured annuity quotes that provide the details of the settlement proceeds payments, the declarations of G. Kevin Buchanan and Antonia Flores, and the unopposed application for approval of minor settlement and concludes that the minor's compromise is in the minor's best interest and is fair, adequate and reasonable.

///

///

Based on the foregoing, plaintiff's unopposed application for approval of minor settlement is **GRANTED**. The Clerk of the Court is directed to close this case.

**IT IS SO ORDERED.**

DATED: July 26, 2010

M. James Lorenz
United States District Court Judge

COPY TO:

HON. CATHY ANN BENCIVENGO
UNITED STATES MAGISTRATE JUDGE

ALL PARTIES/COUNSEL